# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES CREAN,
an individual,

      Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC,
a foreign limited
liability company, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

      Defendants.
_____/

Case No.:

## COMPLAINT

**COMES NOW**, Plaintiff, JAMES CREAN (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax") and EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Equifax and Experian unlawfully reported erroneous and fictitious information on Plaintiff's personal consumer credit reports and credit files regarding an unknown

1

third-party.

2. Furthermore, this is an action for damages for violations of the FCRA wherein Equifax subsequently failed to maintain, generate, and/or produce Plaintiff's Equifax credit reports despite requests from Plaintiff personally as well as Plaintiff's creditors and/or potential lenders.

## JURISDICTION, VENUE, AND PARTIES

3. Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

4. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District, and the events described herein occur in this District.

5. Venue is proper in this District as the acts and transactions described herein occur in this District.

6. At all material times herein, Plaintiff is a natural person residing in Hillsborough County, Florida.

7. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

8. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## **FCRA STATUTORY STRUCTURE**

9. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

10. The FCRA limits access to a consumer's credit report for certain limited permissible purposes. *See* 15 United States Code, Section 1681b(a).

11. Under the FCRA, a person shall not use or obtain a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under the FCRA, and the purpose is certified in accordance with the FCRA, Section 1681e. *See* 15 United States Code, Section 1681b(f).

12. Additionally, under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

13. Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than

$1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

14. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

15. At all material times herein, Plaintiff is a "consumer" as defined by 15 United States Code, Section 1681a(c).

16. At all material times herein, Defendants are each a "person" as defined by 15 United States Code, Section 1681a(b).

17. At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

18. Equifax disburses such consumer reports to third parties under contract in return for monetary compensation.

19. At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating

information concerning consumers for the purpose of furnishing consumer reports.

20. Experian disburses such consumer reports to third parties under contract in return for monetary compensation. At all material times herein, Defendants act themselves or through their respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21. All necessary conditions precedent to the filing of this action occurred, or Defendants voluntarily waived the same.

## FACTUAL ALLEGATIONS

22. During or about the summer of 2023, Plaintiff obtained copies of his credit reports as maintained by Equifax and Experian, and Plaintiff discovered a tradeline account reported by Verizon Wireless on his credit reports.

23. Importantly, the Verizon account reported by Equifax and Experian in 2023 did not belong to Plaintiff, but instead, belonged to an currently unidentified third-party.

24. The Verizon account reported by Equifax and Experian asserted a balance due of approximately $4,000.00.

25. After Plaintiff discovered Equifax's and Experian's reporting of the Verizon account, Plaintiff disputed the reporting of the Verizon account to Equifax and Experian.

26. In response to Plaintiff's dispute of the Verizon account, Equifax and

Experian each removed the Verizon account from Plaintiff's credit reports and credit files.

27. Prior to fixing its errors, Experian and Equifax each generated and published credit reports to Plaintiff's current creditors and potential lenders including inaccurate and misleading information; more specifically, Experian and Equifax each generated and published Plaintiff's credit reports including the erroneous Verizon account that did not belong to Plaintiff.

28. If Experian and Equifax had maintained procedures to assure maximum possible accuracy in Plaintiff's credit reports, Experian and Equifax each would have prevented the Verizon account from ever appearing on Plaintiff's credit reports.

29. Shortly after Equifax removed the erroneous Verizon account from Plaintiff's credit report as maintained by Equifax, both Plaintiff and his current and potential lenders requested copies of Plaintiff's Equifax credit report.

30. However, despite repeated requests, Equifax repeatedly failed to generate, publish and produce Plaintiff's Equifax credit report.

31. In 2023, Plaintiff repeatedly disputed to Equifax via telephone wherein Plaintiff advised that he could not obtain a copy of his Equifax report and that Plaintiff's current and potential lenders could not obtain his Equifax credit reports and/or credit scores.

32. Additionally, at the time Plaintiff was disputing to Equifax via phone

6

in 2023, Plaintiff repeatedly provided documents to Equifax corroborating his identity.

33. Each time Plaintiff called Equifax to dispute, Equifax's employee(s) or representative(s) advised that Plaintiff's Equifax credit file was "mixed" and/or "split" with another individual's Equifax credit file, and Equifax repeatedly advised that Equifax would fix its errors within thirty (30) days.

34. Despite Equifax admitting that Plaintiff's Equifax credit file was "mixed" and/or "split," and despite Equifax advising it would fix its errors within thirty (30) days, Equifax repeatedly failed to correct its errors within thirty (30) days and still failed to correct its errors by the end of 2023.

35. In other words, despite Plaintiff's repeated phone disputes—and Equifax's promises to correct its errors within thirty (30) days—Equifax *still* failed to generate, publish, and produce a credit report for Plaintiff when requested by Plaintiff and his creditors or potential lenders.

36. Furthermore, Plaintiff sent at least one written dispute to Equifax in 2023 in addition to his repeated disputes via telephone.

37. On or about January 12, 2024, Plaintiff sent a letter to Equifax, with the assistance of his attorneys, *again* disputing Equifax's failure to maintain a full credit report for Plaintiff and *again* requesting that Equifax update Plaintiff's credit reports and credit files to reflect his accounts and all information regarding Plaintiff. Please see attached a true and correct copy of Plaintiff's dispute letter dated January 12, 2024,

labeled as **Exhibit "A."**

38.     Additionally, Plaintiff enclosed copies of his Experian and Trans Union reports, copies of his driver's license and social security card, and copies of his lease confirming his current address in support of his dispute letter dated January 12, 2024. *See* Ex. A.

39.     Equifax received Plaintiff's dispute letter dated January 12, 2024.

40.     On or about January 20, 2024, Equifax sent a letter to Plaintiff wherein Equifax asserted that it could not identify Plaintiff based on the information included in his January 12, 2024 dispute letter and Equifax requested that Plaintiff send two forms of identification. Please see attached a true and correct copy of Equifax's letter sent in response to Plaintiff's January 2024 dispute labeled as **Exhibit "B."**

41.     Importantly, Plaintiff's dispute dated January 12, 2024 enclosed *three* (3) forms of identification in support of his dispute, meeting the requirements of each form of identification subsequently requested by Equifax.

42.     Additionally, at the time Plaintiff was disputing to Equifax via phone in 2023, Plaintiff repeatedly provided documents to Equifax corroborating his identity.

43.     On or about January 28, 2024, Equifax sent a letter to Plaintiff including a copy of the Consumer Financial Protection Bureau's "Remedying the Effects of Identity Theft."

44.     Overall, Equifax failed to conduct an investigation in response to

8

Plaintiff's dispute dated January 12, 2024.

45. Importantly, both Experian and Trans Union maintained a credit report and credit file regarding Plaintiff throughout all of 2023 and continuing through the date of this Complaint.

46. If Equifax had maintained procedures to assure the maximum possible accuracy of Plaintiff's credit reports, Equifax would have maintained Plaintiff's personal and account information, compiled such information, and produced credit reports to Plaintiff and/or his lenders.

## DAMAGES

47. Defendants' conduct constitutes a knowing and willful decision to report erroneous information related to an unknown third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous Verizon trade-line unequivocally indicates that such personal information and/or trade-line information resulted from a mixed credit file with another person and should not be reported on Plaintiff's credit reports.

48. In today's age of digital piracy, the safekeeping of one's personal and sensitive information—such as addresses, telephone numbers, account numbers, and social security numbers—are of paramount importance.

49. As a result of Equifax's failure to maintain a report for Plaintiff, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of Equifax's inaccurate, incomplete, and materially misleading

reporting of his credit history when he needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

50. In fact, after Plaintiff first disputed to Equifax regarding Equifax's failure to maintain and generate Plaintiff's credit report, Plaintiff repeatedly applied for credit, but was denied because the potential lender could not obtain a copy of Plaintiff's Equifax credit report and/or credit score.

51. Such credit denials include, but are not limited to, a denial for a personal loan and a denial for a residential lease.

52. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

53. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

54. Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the erroneous Accounts.

55. Plaintiff suffered additional actual damages in the form of damage to his credit reputation, higher credit costs, and Plaintiff refrained from applying for new

credit for fear that he would be denied because of the objectively inaccurate reporting referenced herein.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)
(As to Equifax and Experian)

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

56. Equifax and Experian are each subject to, and both violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

57. More specifically, Equifax and Experian each willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the erroneous Verizon account and erroneous personal information.

58. Specifically, Equifax and Experian reported *at least* one (1) erroneous Verizon trade-line account that did not belong to Plaintiff.

59. Prior to fixing its errors, Experian and Equifax each generated and published credit reports to Plaintiff's current creditors and potential lenders including inaccurate and misleading information; more specifically, Experian and Equifax each generated and published Plaintiff's credit reports including the erroneous Verizon

account that did not belong to Plaintiff.

60. If Experian and Equifax had maintained procedures to assure maximum possible accuracy in Plaintiff's credit reports, Experian and Equifax each would have prevented the Verizon account from ever appearing on Plaintiff's credit reports.

61. Furthermore, despite Equifax maintaining a credit file and producing Plaintiff's credit reports prior to his dispute regarding the Verizon account, Equifax subsequently failed to generate, publish, and produce Plaintiff's credit reports following requests for such reports by Plaintiff, Plaintiff's current creditors, and/or Plaintiff's potential lenders.

62. Importantly, both Experian and Trans Union maintained a credit report and credit file regarding Plaintiff throughout all of 2023 and continuing through the date of this Complaint.

63. If Equifax had maintained procedures to assure the maximum possible accuracy of Plaintiff's credit reports, Equifax would have maintained Plaintiff's personal and account information, compiled such information, and produced credit reports to Plaintiff and/or his lenders.

64. Overall, such reporting by Equifax and Experian is false and evidences Equifax and Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

65. Equifax and Experian's conduct constitutes a knowing and willful

12

decision to report erroneous information related to an unknown third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous information unequivocally indicates a mixed credit file between Plaintiff and a third-party, clearly demonstrating that such information should not have been reported on Plaintiff's credit reports.

66. Equifax and Experian's publishing of Plaintiff's highly sensitive and personal information to third-parties without a right or need to know such information increases the risk of identity theft and is the exact type of harm the FCRA is designed to protect.

67. As a result of Equifax and Experian's conduct, actions, and inactions, Plaintiff suffered actual damages wherein he was denied a residential lease and a personal loan.

68. Equifax and Experian's conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

69. Equifax and Experian's violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**

## VIOLATION OF 15 UNITED STATES CODE
### SECTION 1681i(a)(1), i(a)4, and i(a)(5), and i(a)(6)
### (as to Equifax only)

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

70. Equifax is subject to, and violated the provisions of, 15 United States Code, Sections: 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; 1681i(a)(4) by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

71. Specifically, Equifax willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

72. Overall, Plaintiff's repeated phone and written disputes provided Equifax with sufficient information allowing Equifax to identify Plaintiff and reestablish his credit report and credit file.

73. Importantly, Plaintiff repeatedly provided documents to Equifax corroborating Plaintiff's identity in conjunction with his disputes.

74. Equifax did not request any documents from Plaintiff's creditors

corroborating the existence of Plaintiff's credit history in response to any of Plaintiff's disputes.

75. As of the date of this Complaint, Equifax is *still failing* to report any information regarding Plaintiff and fails to maintain a credit report and file for Plaintiff.

76. As such, Equifax's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff was inaccurate and failed to subsequently update and populate Plaintiff's credit reports and credit files.

77. Such reporting is false and evidences Equifax's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

78. Equifax's reinvestigations of Plaintiff's disputes were not conducted reasonably.

79. Equifax's reinvestigations merely copied and relied upon the inaccurate information stored internally.

80. Equifax's reinvestigations of Plaintiff's disputes were not conducted in good faith.

81. Equifax's reinvestigation procedures are unreasonable.

82. Equifax's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Equifax.

83. Equifax's reinvestigations were *per se* deficient by reason of these failures in Equifax's reinvestigations of Plaintiff's disputes.

84. As a result of Equifax's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Equifax's failure to report his credit history, did not wish to further damage his credit scores with futile credit inquires, and he was continually evaluated for credit without an Equifax credit report and credit score.

85. In fact, Plaintiff was denied a personal loan and a residential lease as a result of Equifax's actions.

86. Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

87. Equifax's actions in violation of 15 United States Code, Section 1681i(a), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT THREE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681g(a)(1)
### (as to Equifax only)

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

88. Equifax is subject to, and violated the provisions of, 15 United States Code, Section 1681g(a)(1) by failing to clearly and accurately disclose all information

in Plaintiff's file to Plaintiff upon receipt of his request for a consumer disclosure report.

89. More specifically, Plaintiff has been unable to access his credit reports since summer of 2023.

90. Furthermore, Plaintiff's current and potential creditors have been unable to obtain Plaintiff's credit report and credit score from Equifax since summer of 2023.

91. Despite the FCRA requiring Equifax to clearly and accurately disclose all information in Plaintiff's file at the time of his request, Equifax does not currently maintain a credit disclosure report for Plaintiff.

92. On information and belief, each of the Plaintiff's creditors are supplying information for three (3) tradeline accounts including full account numbers to Equifax and such information was contained within Equifax's credit file for Plaintiff prior to summer of 2023.

93. Equifax knowingly provided incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

94. Equifax's failure to provide a credit disclosure report diminishes a consumer's ability to compare the records on a consumer credit disclosure against other sources of information—such as billing statements and payment records—to challenge any potential errors or inaccuracies.

95. Equifax's actions were a direct and proximate cause of, as well as a

substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

96. Equifax's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n and/or 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Defendants for maximum statutory damages for violations of the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages in an amount to be determined at trial;

e. An award of attorney's fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—

pertaining to this litigation as required by law.

            Respectfully submitted,

            **SWIFT LAW PLLC**

            /s/ *Aaron M. Swift*
            **Aaron M. Swift, Esq., FBN 0093088**
            Jordan T. Isringhaus, Esq., FBN 0091487
            Sean E. McEleney, Esq., FBN 125561
            11300 4th Street North, Suite 260
            St. Petersburg, FL  33716
            Phone: (727) 755-3676
            Fax: (727) 255-5332
            aswift@swift-law.com
            jisringhaus@swift-law.com
            smceleney@swift-law.com

            *Counsel for Plaintiff*